1
2
3

**DONALD A. GREEN (SBN 225171)**
**LAW OFFICES OF DONALD A. GREEN, PC**
**1902 WRIGHT PL, 2ND FL.**
**CARLSBAD, CA 92008**
**TEL: (760) 431-5290 ♦ FACSIMILE (760) 268-9889**

4
5
6
7

**EUGENE G. IREDALE (SBN 75292)**
**JULIA YOO (SBN 231153)**
**IREDALE & YOO, APC**
**105 W. "F" ST., 4TH FL.**
**SAN DIEGO, CA 92101-6087**
**TEL: (619) 233-1525 ♦ FACSIMILE (619) 233-3221**

8

Attorneys for Plaintiffs, ESTATE OF TIMOTHY GENE SMITH *et al.*

9
10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11   ESTATE OF TIMOTHY GENE SMITH, by his successor in interest, JANIE RICHELLE SANDERS; JANIE RICHELLE SANDERS; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO, SHELLEY ZIMMERMAN and SCOTT HOLSLAG, as individuals and employees of CITY OF SAN DIEGO; NATALIE ANN MACEY d/b/a MACEY BAIL BONDS, as an individual; LEGAL SERVICE BUREAU, INC. d/b/a GLOBAL FUGITIVE RECOVERY, a California domestic corporation; DAN ESCAMILLA, as an individual and on behalf of LEGAL SERVICE BUREAU, INC.; LELAND CHAPMAN BAIL BOND CO. INC., a Colorado corporation; LBC, INC., a Hawaii corporation; KAMA AINA BAIL BONDS, INC. a Hawaii Corporation; and LELAND B. CHAPMAN, as an individual and on behalf of LELAND CHAPMAN BAIL BOND CO. INC., LBC, INC. and KAMA AINA BAIL BONDS, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 16-CV-2989-WQH-MDD <br><br> **FIRST AMENDED COMPLAINT** <br><br> 1. **VIOLATION OF THE FOURTH AMENDMENT** (*42 U.S.C. § 1983*) <br> 2. **VIOLATION OF THE FOURTEENTH AMENDMENT** (*42 U.S.C. § 1983*) <br> 3. **MONELL VIOLATION** (*42 U.S.C. § 1983*) <br> 4. **FAILURE TO TRAIN** <br> 5. **FAILURE TO SUPERVISE AND DISCIPLINE** <br> 6. **VIOLATION OF CIVIL RIGHTS** (*CAL. CIV.CODE § 52.1*) <br> 7. **BATTERY** <br> 8. **WRONGFUL DEATH** (*CAL.CIV.PROC. § 377.60*) <br> 9. **CONSPIRACY TO VIOLATE CIVIL RIGHTS** <br> 10. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> 11. **DEFAMATION** <br> 12. **FALSE LIGHT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, ESTATE OF TIMOTHY GENE SMITH, by its successor in interest JANIE RICHELLE SANDERS, JANIE RICHELLE SANDERS, SANDY LYNN SIMMONS, and WYATT ALLEN GUNNER SMITH allege as follows:

## I.
## JURISDICTION AND VENUE

1.      Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1332, 1337, 1343(a), and 1367(a); and 42 U.S.C. §§1983, 1985(3), 1986, and 1988.

2.      This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego County, within the Southern District of California.

4.      The Estate is TIMOTHY GENE SMITH's estate. Under Section 377.20 of the California Code of Civil Procedure, the Estate has standing to bring claims for TIMOTHY GENE SMITH for the torts resulting in his death.  For jurisdictional purposes, and since TIMOTHY GENE SMITH's death occurred in California, the Estate resides in California.

5.      Janie Sanders as the surviving spouse is the successor in interest of the Estate of Timothy Gene Smith.

6.      A substantial portion of the events giving rise to the claims alleged in this complaint arose in San Diego County, California.  Therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Pursuant to section 910 of the California Government Code, Plaintiffs timely filed administrative claims with the City of San Diego ("City") on April 29, 2016. Their claims were denied by written letter on July 7, 2016.

8.     Plaintiffs have exhausted all administrative remedies before filing this instant action.

### III.
### PARTIES

9.     The individual plaintiffs are natural persons, citizens, domiciliaries and permanent residents of the State of Missouri.

10.    Plaintiff JANIE RICHELLE SANDERS was the legal spouse of plaintiff's decedent TIMOTHY GENE SMITH.

11.    Plaintiff WYATT ALLEN GUNNER SMITH is the son of plaintiff's decedent TIMOTHY GENE SMITH.

12.    Plaintiff SANDY LYNN SIMMONS is the mother of plaintiff's decedent TIMOTHY GENE SMITH.

13.    Plaintiffs, each and all of them, bring this action as individuals on their own behalf under both federal and California law. Plaintiff Janie Sanders brings this action on behalf of the Estate of Timothy Gene Smith as successor in interest of the Estate of Timothy Gene Smith.

14.    Defendant City of San Diego is a municipality within the State of California and is the employer of Defendants SHELLEY ZIMMERMAN, SCOTT HOLSLAG, and other unidentified police officers DOES 1 through 25. The individual defendants performed all of the herein alleged acts for, and in the name of, defendant City of San Diego.

15.    At all times relevant hereto, defendants ZIMMERMAN, HOLSLAG, and DOES 1 to 25 were, and still are, residents of the County of San Diego, State of California, and were duly appointed and acting police officers for the City of San Diego. They are sued individually and in their capacities as employees of the City of San Diego.

16.    Upon information and belief, defendant NATALIE ANN MACEY, d/b/a MACEY BAIL BONDS (hereinafter "MACEY"), is a resident of the State of Missouri, a citizen of the United States, and does business throughout the United

3
FIRST AMENDED COMPLAINT

States. Upon information and belief, MACEY BAIL BONDS was and has been for all relevant times herein registered in the State of Missouri, Charter No. X01275749, with its headquarters and principal place of business located at 114 W. North Main, Richmond, MO 64085.

17.   Upon information and belief, and for all relevant times herein, LEGAL SERVICE BUREAU, INC. (hereinafter "LEGAL SERVICE BUREAU"), d/b/a GLOBAL FUGITIVE RECOVERY, was and is a California domestic corporation registered with the California Secretary of State as Corporation No. C2112580, with its headquarters and principal place of business located at 888 W. Santa Ana Blvd., Suite 100, Santa Ana, CA 92701. Plaintiff alleges on information and belief that defendant LEGAL SERVICES BUREAU, INC., d/b/a GLOBAL FUGITIVE RECOVERY, does business as a bail bondsman and fugitive recovery agent in the State of California.

18.   Plaintiff alleges that defendant DAN ESCAMILLA ("ESCAMILLA") is an officer and director of defendant LEGAL SERVICES BUREAU, INC., d/b/a GLOBAL FUGITIVE RECOVERY, and is a resident of the State of California, County of Orange, and a citizen of the United States. Plaintiffs bring suit against defendant ESCAMILLA as an individual and as a director of LEGAL SERVICE BUREAU, INC., and DOES 26 to 35.

19.   Upon information and belief, defendant LELAND CHAPMAN BAIL BOND CO., INC. ("LELAND CHAPMAN BAIL") was and is for all relevant times mentioned herein, a State of Colorado corporation with a registered headquarters and principal place of business address of P.O. Box 10204, Colorado Springs, CO 80932. Plaintiffs allege that LELAND CHAPMAN BAIL was doing business in the State of California, and throughout the United States, at the time of the incidents alleged herein.

20.   Upon information and belief, LBC, INC. was and is for all relevant times mentioned herein a State of Hawaii registered corporation, having Secretary

of State file number of 218622 D1. Plaintiffs allege that the purpose of defendant LBC, INC. is "Acting Services for Reality Television" with the agent for service identified as Leland Chapman, P.O. Box 1134, Kona, HI 96745. Plaintiffs allege LBC, INC. is and was doing business in the State of California and, throughout the United States, at the time of the incidents alleged herein.

21.     Upon information and belief, defendant KAMA AINA BAIL BONDS, INC. (hereinafter "KAMA'AINA") was and is for all relevant times mentioned herein, a State of Hawaii corporation, File Number 228303 D1, with headquarters and principal place of business at 74-592 Hale Makai Place, Kailua-Kona, HI 96740, having a website address of http://kamaainabailbonds.com/. Plaintiffs allege that the purpose of KAMA'AINA is and was bail bond collection, and that it was doing business in the State of California, and throughout the United States, at the time of the incidents alleged herein. Plaintiff further alleges that defendant LELAND CHAPMAN is the identified Agent for Service of Process of KAMA'AINA BAIL BONDS, INC. with service addresses of P.O. Box 1134, Kona, Hawaii 96745 and a mailing address of C/O FP Accounting, 1680 N. Vine St., Suite 604, Los Angeles, CA 90028.

22.     Plaintiff alleges that defendant LELAND CHAPMAN ("CHAPMAN") is an officer, director, and/or agent of defendants LELAND CHAPMAN BAIL BOND CO., INC., LBC, INC.and KAMA'AINA BAIL BONDS, INC. and is a resident of the State of Hawaii, and a citizen of the United States. Plaintiffs bring suit against defendant CHAPMAN as an individual and as an employee and officer of LELAND CHAPMAN BAIL BOND CO., INC., LBC, INC., and KAMA'AINA BAIL BONDS, INC., and DOES 36 TO 50.

23.     Defendants DOES 1 through 50, inclusive, are sued under fictitious names.  Their true names and capacities are unknown to plaintiff.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and on that basis allege that each of the

fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such defendants.

24.     Plaintiffs are informed and believe and on that basis allege that each named defendant, including DOES 1 through 50, was the agent, servant, employee, or partner of each other defendant, and that each defendant was acting within the course and scope of such agency, employment, partnership, or other business relationship and with the consent or the ratification of each other in doing the things alleged herein.

25.     Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned, Does 1 through 50, and each of them, were residents and/or doing business within the County of San Diego, State of California, within this judicial district, and that defendants, and each of them, are responsible to plaintiff pursuant to the causes of action set forth herein.

## IV.
## FACTUAL ALLEGATIONS

26.     This is a claim for damages brought under state and federal law against the CITY OF SAN DIEGO, SHELLEY ZIMMERMAN, SCOTT HOLSLAG, NATALIE ANN MACEY, d/b/a MACEY BAIL BONDS, LEGAL SERVICE BUREAU, INC., d/b/a GLOBAL FUGITIVE RECOVERY, DAN ESCAMILLA, LELAND CHAPMAN BAIL BOND CO. INC., LBC, INC., KAMA AINA BAIL BONDS, INC.. LELAND B. CHAPMAN, and DOES 1-50, their officials and employees for state and federal law violations including violations of civil rights (42 USC § 1983), conspiracy to violate civil rights  and wrongful death (negligence and battery).

27.     Plaintiffs JANIE RICHELLE SANDERS, SANDY LYNN SIMMONS, and WYATT ALLEN GUNNER SMITH are currently residents of Missouri. Mrs. Sanders is the legal spouse of decedent Timothy Gene Smith; Ms.

Simmons is the mother of decedent Timothy Gene Smith; and Mr. Smith is the son of decedent Timothy Gene Smith.

28. Plaintiffs allege that defendants are jointly and severally liable for the wrongful death and deprivations of the civil rights of Timothy Gene Smith that occurred on November 4, 2015.

29. On November 4, 2015, decedent Timothy Gene Smith was with his wife Janie Richelle Sanders in the Pacific Beach area of San Diego.

30. At the time, Janie Richelle Sanders was on bail for minor, non-violent drug possession charges pending in the state of Missouri. Defendant Natalie Ann Macey, d/b/a Macey Bail Bonds, had posted bail on her behalf in the amount of $7500.00. Mrs. Sanders and her husband, Timothy Gene Smith, left Missouri to visit decedent's sister in San Diego.

31. Defendant MACEY engaged defendants ESCAMILLA, LEGAL SERVICE BUREAU, INC., d/b/a GLOBAL FUGITIVE RECOVERY, both registered and doing business in the State of California, and LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC. and/or KAMA AINA BAIL BONDS, INC.

32. Plaintiffs allege that defendant LELAND B. CHAPMAN appears as a "bounty hunter" on television in his own reality television show through defendant LBC, INC. and was engaged in such capacity at all relevant times alleged herein.

33. Plaintiff further alleges that defendant MACEY had no relationship, contractual or otherwise, with TIMOTHY GENE SMITH and was only interested in apprehending JANIE RICHELLE SANDERS.

34. Plaintiffs allege that in an intentional and malicious effort to apprehend Mrs. Sanders, defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC. and/or KAMA AINA BAIL BONDS, INC. fabricated false information about past violent activity of both JANIE RICHELLE SANDERS as well as her husband

TIMOTHY GENE SMITH, including acts of violence, assault, weapons possession, and child molestation. These defendants printed and distributed "WANTED" posters throughout San Diego which contained information. In particular, the "WANTED" posters stated the following:

> "**CAUTION: CI HAS ADVISED THAT SUBJECT SMITH RECENTLY LEFT MISSOURI BY TRAIN ARMED WITH AN AK-47** and/or 38 (sic) Revolver and is a convicted felon with a long history of violent crimes … If information is developed concerning either fugitive, Please contact the assigned Bail Agent / Fugitive Recovery Agent: Dan Escamilla (714) 307-1064"

35. These "WANTED" posters included pictures of plaintiff Janie Richelle Sanders and decedent Timothy Gene Smith, complete with their dates of birth, heights, and approximate weights. A true and correct copy of the "WANTED" poster is attached hereto and incorporated herein by reference as *Exhibit A*.

36. Plaintiffs allege that the information provided on these "WANTED" posters was false. Neither Janie Sanders nor Timothy Smith had a history of violent crimes, and that such false information was provided to law enforcement agencies solely for the purpose of engaging their assistance to apprehend persons who otherwise would have been ignored due to the minor nature of their alleged crimes and the insignificant amount of outstanding bail to be recovered.

37. On the date of the incident, November 4, 2015, decedent Timothy Gene Smith was apparently seen by two officers of the San Diego Police Department exiting a store in the Pacific Beach area of San Diego. Mr. Smith was not wearing a t-shirt. He was only wearing tan shorts and black socks. Officers gave chase and Timothy Smith fled. A perimeter was set up, with police helicopters overhead, and canine units were deployed. Timothy Smith was eventually cornered in an alley. After jumping on a ledge, he was unable to move in any direction. He did not have any weapon. He was not a threat in any way. Yet,

Officer Scott Holslag fatally shot Timothy Smith numerous times with a .45 caliber weapon. Mr. Smith was declared dead shortly thereafter.

38. Timothy Smith had not committed any crime in California and was not wanted for any crime in California. He had not made any verbal threats or threatening movements or gestures. He was not a danger to the public. Holslag and the other officers never warned him that officers would shoot before officers fired upon him. Plaintiffs further allege that SDPD officers did not use any other alternative, non-deadly measures against Mr. Smith before using deadly force.

39. Decedent Timothy Gene Smith died intestate in the City of San Diego, County of San Diego, State of California. No special administrator or personal representative of the Estate of Timothy Gene Smith has been appointed by the Court.

40. Plaintiffs allege that Officer Holslag and other unidentified officers shot and killed an unarmed man who posed no immediate threat to them or to any third person. They acted without justification or necessity. The officers' actions were unreasonable under the circumstances. Their actions constituted an excessive and unreasonable use of force and an unlawful seizure in violation of Mr. Smith's clearly established rights as guaranteed by the United States Constitution, particularly the Fourth and Fourteenth Amendments, to be free from the use of excessive force.

41. Plaintiffs further allege that Officer Scott Holslag has a history of shooting unarmed and non-threatening persons. In 2002, Holslag shot and killed Gary S. Martin who was unarmed. Officer Holslag shot Gary Martin three times while Mr. Martin was seated in his vehicle. The San Diego Police Department did not discipline, but continued to employ Holslag. San Diego did not alter and/or promulgate changes in policies and procedures, or make any changes with respect to the practices or training of its police officers, including Officer Scott Holslag.

42.     As Police Chief of the San Diego Police Department, Shelley Zimmerman acted under color of law in supervising the SDPD, promulgating and enforcing its policies and procedures, and supervising use of force investigations. The SDPD's policy and procedure regarding use of force is vague, ambiguous, and inadequate.  The SDPD further has a *de facto* policy, custom and practice of not properly training its officers in the use of force; of authorizing and ratifying the use of excessive force, and of not properly investigating its officers' use of force. The SDPD's practice of engaging in excessive force, acceptance of the use of excessive force, andinvestigation procedures  are  unconstitutional  policies,  customs  and practices under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

43.     The City of San Diego has failed to provide proper training for its officers to prevent the use of excessive force. This constitutes a policy for which the city is responsible. SDPD personnel are aware of these failures.  They are further aware that no discipline or adequate investigation will result from any excessive use of force. As a result of these policies, customs, and practices, whichencourage use of excessive force, Mr. Smith was killed.

44.     The San Diego Police Department is an agency of the City of San Diego, a municipality.  As a result of the aforementioned, the City of San Diego engaged in and continues to engage in a pattern and practice of conduct by law enforcement officers that deprived Mr. Smith of rights, privileges, and immunities secured or protected by the Constitution and laws of the United States and by the Constitution and laws of California.

45.     The City of San Diego Police Department has a policy requiring the use of body cameras. It requires that officers activate their body cameras before confronting suspects. Claimants are informed and believe that Officer Scott Holslag was either not wearing a body camera or did not activate his body camera at the time of the incident, in direct violation of SDPD policy.

46.     Plaintiffs allege the SDPD has a custom and practice of ignoring its stated body camera policy or policies, and failing to enforce those policies. This further encourages officers in their excessive use of force because absent video evidence, officers know that it is their word against that of a deceased person who is unable to testify about what actually transpired.  The SDPD, including Police Chief Shelley Zimmerman, knew about, encouraged and ratified this policy and practice. This custom and practice is an unconstitutional policy (i.e. a policy designed to disregard and ignore written policies) for which the City of San Diego is liable under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

**V.**
**FIRST CAUSE OF ACTION**
**FOURTH AMENDMENT VIOLATION [42 USC § 1983]**
**(Against Defendants Scott Holslag and DOES 1 to 25 by**
**All Plaintiffs)**

47.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference. The acts alleged above, including the act by defendant Holslag of shooting and killing an innocent, unarmed man without justification or necessity, constituted an excessive and unreasonable use of force and thus an unlawful seizure, in violation of Timothy Gene Smith's rights as guaranteed by the United States Constitution, particularly the Fourth Amendment. Plaintiff Estate of Timothy Gene Smith is therefore entitled to damages pursuant to 42 USC 1983, *et seq*. in an amount to be proven at trial.

48.     Further, by the acts alleged above, Plaintiffs' decedent was detained and seized by Defendant Holslag without a warrant or reasonable cause. These acts, which led to the shooting and death of Mr. Smith, constituted an unreasonable seizure in violation of Mr. Smith's rights guaranteed by the United States Constitution. Plaintiff Estate of Timothy Gene Smith is entitled to damages pursuant to Title 42 U.S.C. section 1983, *et seq*. in an amount to be proven at trial.

49.    The acts of defendant Holslag as described above amounted to reckless indifference to decedent's Constitutional Rights.

50.    As a direct and proximate result of the unlawful acts, excessive force, unlawful seizure and recklessness described above, plaintiffs' decedent Timothy Gene Smith suffered severe injuries and loss of his life. By reason of these acts his estate is entitled to general and compensatory damages in an amount to be proven at trial.

51.    As a further result of the actions of said defendants alleged above, decedent Timothy Gene Smith's estate incurred reasonable funeral expenses and loss of such income as Timothy Gene Smith would have earned in his lifetime. The Estate of Timothy Gene Smith and his successors in interest have lost such estate as decedent might reasonably have accumulated in his natural life expectancy. Thus, plaintiffs are entitled to damages in an amount to be proven at trial.

52.    The aforesaid acts of defendant Holslag were done willfully, maliciously and/or with a reckless indifference to decedent's constitutional rights to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

## VI.
## SECOND CAUSE OF ACTION
## FOURTEENTH AMENDMENT VIOLATION [42 USC § 1983]
### (Against Defendants Scott Holslag and DOES 1 to 25
### by Janie Richelle Sanders,
### Sandy Simmons and Wyatt Allen Gunner Smith)

53.    Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference. As a result of the acts alleged above, particularly the unjustified, unnecessary and excessive use of deadly force which caused the death of Plaintiffs' decedent Timothy Gene Smith, Plaintiff Janie Richelle Sanders suffered the loss of her husband; Sandy Lynn Simmons suffered the loss of her son; and Wyatt Allen Gunner Smith suffered the loss of his father.

FIRST AMENDED COMPLAINT

Thus, the acts of defendant Holslag deprived Plaintiffs Janie Sanders, Sandy Simmons, and Wyatt Smith of their constitutionally protected First and Fourteenth Amendment rights to the love, support, affection and companionship of Timothy Smith, in violation of Plaintiffs' rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution, including their First and Fifth Amendment rights to intimate familial association.

54.   The acts of defendants and each of them as described caused Timothy Smith's death, resulting in violation of the Fourteenth Amendment rights of Plaintiffs Janie Sanders, Sandy Simmons, and Wyatt Smith, Said acts proximately caused the death of plaintiffs' decedent, Timothy Smith, entitling Plaintiffs to general and compensatory damages in an amount to be proven at trial.

55.   The aforesaid acts of defendant Holslag were done willfully, maliciously and/or with callous and reckless indifference to decedent's and plaintiffs' Constitutional rights and disregard for decedent's safety and continued life, therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

## VII.
### THIRD CAUSE OF ACTION
### *MONELL* VIOLATION [42 USC § 1983]
### UNLAWFUL POLICIES AND CUSTOMS
**(Against Defendant City of San Diego and Shelley Zimmerman by All Plaintiffs)**

56.   Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference. On information and belief, Plaintiffs allege that defendant City of San Diego, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including Officer Holslag, DOES 1 to 25, and others, proximately causing the constitutional deprivations, injuries and damages alleged in the First and Second Causes of

Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

57.   The City of San Diego has failed to provide proper training for its officers in the use of excessive force, which constitutes a policy for which the city is responsible. SDPD personnel are aware of these failures and are further aware that no discipline or adequate investigation will result from any excessive use of force. As a result of these policies, customs, and practices, which in fact encourage excessive use of force, Mr. Smith was killed.

58.   Further, on information and belief Plaintiffs allege that defendant City of San Diego, through its police department, has an unlawful policy, custom or habit of permitting, condoning or ratifying the unnecessary and unjustified use of force by its police officers, including the unjustified use of deadly force.

59.   As Police Chief of the San Diego Police Department, Shelley Zimmerman acted under color of law in supervising the SDPD, promulgating and enforcing its policies and procedures, and supervising the use of force investigations.  The SDPD's policy and procedure regarding use of force is vague, ambiguous, and inadequate.  The SDPD further has a *de facto* policy, custom and practice of not properly training its officers in the use of force, authorizing and ratifying the use of excessive force in unwarranted situations, and in not properly investigating its officers' uses of force, including the investigation into the death of Mr. Smith. The SDPD's deficient use of force, acceptance of the excessive use of force in unwarranted situations, and its use of force investigation procedures are unconstitutional policies, customs and practices under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

60.   The City of San Diego Police Department further has a policy requiring the use of body cameras and further requires that officers activate their body cameras before confronting suspects. Claimants are informed and believe that

Officer Scott Holslag was either not wearing a body camera or did not activate his body camera at the time of the incident, in direct violation of SDPD policy.

61.    Plaintiffs allege the SDPD has a *de facto* custom and practice of ignoring its body camera policy or policies, and failing to enforce those policies. This further encourages officers in their excessive use of force because absent video evidence, officers know that it is their word against that of a deceased person who is unable to testify about what actually transpired.   The SDPD, including Police Chief, Shelley Zimmerman, knew about, encouraged and ratified this policy and practice. This custom and practice was and is in effect an unconstitutional policy (i.e. a policy designed to disregard and ignore written policies) for which the City of San Diego is liable under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

62.    The San Diego Police Department is an agency of the City of San Diego, a municipality.  As a result of the aforementioned, the City of San Diego engaged in and continues to engage in a pattern and practice of conduct by law enforcement officers that deprived Mr. Smith of rights, privileges, and immunities secured or protected by the Constitution or laws of the United States and by the Constitution and laws of California.

63.    As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations alleged in the First and Second Causes of Action, the injuries alleged in the First and Second Causes of Action and the injuries alleged above, Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

## VIII.
## <u>FOURTH CAUSE OF ACTION</u>
## FAILURE TO PROPERLY TRAIN
## (By all Plaintiffs against Shelley Zimmerman, and City of San Diego)

64.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

15

FIRST AMENDED COMPLAINT

65.     Officials of the San Diego Police Department, acting under color of law, have subjected decedent Timothy Smith and other persons similarly situated to a pattern of conduct consisting of continuing, widespread and persistent pattern of unconstitutional misconduct.

66.     Defendants Zimmerman and Does have failed to maintain adequate and proper training necessary to educate officers as to the Constitutional rights of arrestees.

67.     There has been an official policy of acquiescence in the wrongful conduct.  Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.

68.     Defendants City of San Diego, Does and Zimmerman with deliberate indifference, disregarded a duty to protect the public from official misconduct.

69.     The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Timothy Smith and others in his position.

70.     Despite their knowledge of previous instances of wrongful deaths, Defendants failed to properly train or retrain their officers to prevent the deaths of arrestees.

71.     The lack of adequate training as to the individual defendants in this case was constitutionally infirm and caused Timothy Smith harm.

72.     As a result of actions by Defendants City of San Diego, Does, and Zimmerman, decedent Timothy Smith suffered physical and psychological injuries.

73.     As a result of actions by Defendants City of San Diego, Does, and Zimmerman, decedent Timothy Smith suffered physical and psychological injuries.

## IX.
## FIFTH CAUSE OF ACTION
## FAILURE TO PROPERLY SUPERVISE AND DISCIPLINE

**(By all Plaintiffs against the City of San Diego, Zimmerman and Supervisory Doe Defendants 41-50)**

75.   Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

76.   Defendants City of San Diego, Does, and Zimmerman failed to provide adequate supervision and discipline to officers who are required to meet the standards of the Constitution.

77.   Defendants City of San Diego, Does, and Zimmerman failed to provide adequate supervision and discipline to officers that hold the power, authority, insignia, equipment and arms entrusted to them.

78.   Defendants City of San Diego, Does, and Zimmerman failed to promulgate and enforce adequate policies and procedures related to misconduct and the violation of citizens' civil rights by SDPD officers.

79.   Defendants City of San Diego, Does, and Zimmerman have a widespread history of ratifying deputy misconduct by failing to conduct appropriate investigations.

80.   Defendants were aware of previous instances of wrongful deaths and failed to properly supervise and discipline their employees.

81.   Defendants City of San Diego, Does, and Zimmerman refused to investigate misconduct and/or took no remedial steps or action against their officers.

82.   Upon information and belief, supervising officers were made aware of the misconduct or witnessed the Constitutional violations committed by their employees but failed to supervise or discipline them.

83.   There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.

84.    Defendants condoned and acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

85.    As a result of the Defendants' historical failure to properly supervise and discipline deputies, Defendants were deliberately indifferent to the needs of Plaintiff.   The failure to supervise and discipline was the moving force behind the misconduct of the deputies, the denial of medical care on the Plaintiff, the retaliatory acts and the resulting pain and suffering and death.

**X.**
**SIXTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS [*CAL.CIV.CODE §52.1*]**
**(Against Defendants Scott Holslag**
**and City of San Diego by Estate of Timothy Smith)**

86.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

87.    The Fourth and Fourteenth Amendments to the U.S. Constitution, and Article I, section 13 of the California Constitution, guarantee (a) an individual's right to be free from excessive force and (b) a wife's right to the companionship of her husband, a parent's right to the companionship of her child, and a son's right to the companionship of his father. California Civil Code section 43 confers a right to be secure in one's bodily integrity from assault and excessive force.  By engaging in the acts alleged above, Defendants denied those rights to Plaintiff, thus giving rise to claims for damages pursuant to California Civil Code section 52.1.

88.    Defendants interfered by threats, intimidation, or coercion, with the exercise or enjoyment by Timothy Smith of rights secured by the Constitution or laws of the United States.

89.    As a direct and proximate result of Defendants' actions, as alleged herein, Plaintiff was injured as set forth above and are entitled to damages,

including compensatory and punitive damages, in an amount to be proven at trial and in excess of the jurisdictional amount required by this Court.

90.    As Timothy Smith's successor-in-interest, the Estate is entitled to claim Timothy Gene Smith's pre-death damages.

91.    In conducting himself as alleged herein, Holslag and DOES 1 to 25 were acting within the course and scope of their employment with Defendant City of San Diego. Thus, the City is responsible for Holslag's actions.

92.    In doing the foregoing wrongful acts, Defendants acted in reckless and callous disregard for Plaintiffs' constitutional rights. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the imposition of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## XI.
## SEVENTH CAUSE OF ACTION
### BATTERY
### (Against Defendant Scott Holslag and DOES 1 to 25 by All Plaintiffs)

93.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

94.    By the acts alleged herein, particularly defendant Holslag's act of shooting and killing Timothy Gene Smith, as described in the Factual Allegations and the First and Second Causes of Action, defendants committed a battery upon Timothy Gene Smith which caused him to suffer injuries and wrongful death, thereby entitling Plaintiffs to damages pursuant to California law. As a result, Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

95.    In committing the acts alleged above, defendant Holslag acted maliciously and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiffs' decedent and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

**XII.**
**EIGHTH CAUSE OF ACTION**
**WRONGFUL DEATH [*CAL.CIV.PROC. § 377.60*]**
**(Against Holslag and DOES 1-25 by all Plaintiffs)**

96.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

97.     Defendants committed wrongful acts which proximately caused the death of Timothy Smith.  Specifically, Defendants deprived Timothy Smith of his rights under the United States Constitution to be free from the punishment without due process.

98.     These acts resulted in the death of Timothy Smith.

99.     The City of San Diego is responsible for the act of individual and Doe Defendants under the theory of respondeat superior.

100.    The wrongful acts alleged above has destroyed the relationship between Plaintiffs and Timothy Smith and has legally, proximately, foreseeably and actually caused severe emotional damages, including the loss of society, companionship, emotional distress, and further economic and non-economic damages according to proof at the time of trial.

**XIII.**
**NINTH CAUSE OF ACTION**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS (*42 U.S.C. § 1983*)**
**(Against Defendants Macey, Escamilla, Legal Services Bureau, Inc., Leland Chapman, Leland Chapman Bail Bond Co. Inc., LBC, Inc., Kama Aina Bail Bonds Inc., and DOES 26-50 by All Plaintiffs)**

101.      Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference

102.      Plaintiffs allege that defendants Macey, Escamilla, Legal Services Bureau, Inc., Leland Chapman, Leland Chapman Bail Bond Co. Inc., LBC, Inc., Kama Aina Bail Bonds Inc., and DOES 26-50 conspired to deprive Timothy Gene Smith of his constitutionally protected rights as guaranteed by the Fourth and

Fourteenth Amendments to the United States Constitution by fabricating and falsifying information about Timothy Smith, and publishing and disseminating said information to law enforcement agencies with the knowledge and expectation that law enforcement would act upon that information to deprive Timothy Smith of his rights and with the intention and/or reckless disregard of the likelihood that this false information would result in violations of decedent Smith's Fourth Amendment rights, including the right to be free of wrongful detention and use of excessive force.

103.    Plaintiffs further allege that Leland Chapman and LBC, Inc. further conspired to deprive Timothy Smith of his Fourteenth Amendment rights to protection of due process solely in order to document his capture (which they were unable to do) for defendant Chapman's reality television show.

104.    Defendants conspired to violate Timothy Smith's Fourth Amendment rights to be free from unreasonable searches and seizures by setting in motion a series of acts that was likely to culminate in the use of excessive force by the San Diego police.  By providing false information which these Defendants intended for the police to rely on, they caused the use of excessive force on the part of the police who apprehended Mr. Smith without probable cause, and killed him by the use of excessive force.

105.    Defendants in this cause of action agreed with each other to coordinate with, to act jointly with, and to obtain the participation of S.D.P.D. in a joint operation with themselves to locate and seize decedent and his wife. Pursuant to this plan, defendants provided false information regarding possession of dangerous firearms, and non-existent convictions for crimes of violence to S.D.P.D. Defendants Escamilla and Chapman both falsely reported that decedent and his wife were "armed and dangerous."

106.    Defendants in this cause of action acted under color of state law. Defendants engaged in a search for and surveillance of decedent and his wife on

the day of his death as part of a joint operation in which they coordinated with the San Diego Police Department. Defendant Escamilla, a licensed bondsman and fugitive recovery agent, engaged in frequent communication, coordination, and planning with the S.D.P.D. These activities were directed at locating and detaining decedent and Janie Richelle Sanders. On the date of Timothy Gene Smith's death, Escamilla and/or his agents specifically searched in the Pacific Beach area of San Diego, and shared the results of their efforts with S.D.P.D.

107.    As a direct and proximate result of Defendants' actions, as alleged herein, Plaintiffs were injured as set forth above and are entitled to damages, including compensatory and punitive damages, in an amount to be proven at trial.

108.    As Timothy Smith's successor-in-interest, the Estate is entitled to claim Timothy Gene Smith's pre-death damages. Plaintiffs have standing to claim damages for Defendants' violations of their own rights.

109.    In doing the foregoing wrongful acts, Defendants acted in reckless and callous disregard for Plaintiffs' constitutional rights. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the imposition of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## XIV.
### TENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 by Plaintiff Janie Richelle Sanders)**

110.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

111.    Defendants unlawfully publicized false information accusing Plaintiff Janie Sanders of committing serious criminal acts and of being armed and

dangerous in reckless disregard for the natural consequences of their actions and the harm their behavior would cause.

112.    Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing Plaintiff Janie Sanders to suffer emotional suffering and mental distress, physical pain, fear, anxiety, and mental anguish.

113.    Plaintiff bases this cause of action on the publication and dissemination of the false information to the general public and others. She does not allege and does not rely as to this cause of action, on any communication between the defendants in this cause of action and police officials of the San Diego Police Department. As to the intentional infliction of emotional distress, Plaintiff does not rely on any report made by defendants to the Police Department or members thereof of alleged wrongdoing by Plaintiff or her deceased husband. Rather she relies on the dissemination of the false claims to persons other than police officials.

114.    As a direct, proximate and foreseeable result of the Defendants' actions, Plaintiff Janie Sanders suffered damages and is entitled to damages against Defendants.

## XV.
## ELEVENTH CAUSE OF ACTION
## DEFAMATION
**(Against Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 by Plaintiff Janie Richelle Sanders)**

115.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

116.    Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC

INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 fabricated information about past violent activity of JANIE RICHELLE SANDERS, publicly disseminating false allegations that Plaintiff committed acts of violence, assault, child molestation, and weapons possession. This information was completely false and had no basis.

117.    These defendants printed false information on "WANTED" posters and distributed "WANTED" posters throughout San Diego which contained this false information, alleging Plaintiff Janie Sanders was traveling with her husband who was armed with an AK-47. *See* Exhibit A.   The information on the "WANTED" posters was completely false and had no basis.

118.    Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 provided  such false information and material regarding Plaintiff Janie Sanders to other persons and the general public, not including members of the San Diego Police Department.

119.    Plaintiff bases this cause of action on the publication and dissemination of the false information to the general public and others. She does not allege and does not rely as to this cause of action, on any communication between the defendants in this cause of action and police officials of the San Diego Police Department. As to this cause of action, Plaintiff does not rely on any report made by defendants to the Police Department or members thereof of alleged wrongdoing by Plaintiff or her deceased husband. Rather she relies on the dissemination of the false claims to persons *other than* police officials.

120.    Defendants failed to use reasonable care determine the truth or falsity of such information regarding Plaintiff Janie Sanders before publicizing it.

121.    As a direct, proximate and foreseeable result of the Defendants' actions, Plaintiff Janie Sanders suffered damages and is entitled to damages against Defendants.

## XVI.
## TWELFTH CAUSE OF ACTION
## FALSE LIGHT
**(Against Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 by Plaintiff Janie Richelle Sanders)**

122.  Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

123.  Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 fabricated information about past violent activity of JANIE RICHELLE SANDERS, publicly disseminating false allegations that Plaintiff committed acts of violence, assault, child molestation, and possessed weapons. These defendants printed false information on "WANTED" posters and distributed "WANTED" posters throughout San Diego which contained this false information, alleging Plaintiff Janie Sanders was traveling with her husband who was armed with an AK-47. *See* Exhibit A.  The information on the "WANTED" posters was completely false and had no basis.

124.  Defendants MACEY, ESCAMILLA, LEGAL SERVICES BUREAU, LELAND CHAPMAN, LELAND CHAPMAN BAIL BOND CO. INC., LBC INC., KAMA AINA BAIL BONDS, INC., and DOES 26-50 publicized such information and material showing Plaintiff Janie Sanders in a false light.

125.  Defendants knew the publication would create a false impression about Plaintiff Janie Sanders, or acted with reckless disregard for the truth. Defendants failed to determine the truth of such information before publicizing it.

126.  Plaintiff bases this cause of action on the publication and dissemination of the false information to the general public and others. She does not allege and does not rely as to this cause of action, on any communication

between the defendants in this cause of action and police officials of the San Diego Police Department. As to the intentional infliction of emotional distress, Plaintiff does not rely on any report made by defendants to the Police Department or members thereof of alleged wrongdoing by Plaintiff or her deceased husband. Rather she relies on the dissemination of the false claims to persons *other than* police officials.

127.   As a direct, proximate and foreseeable result of the Defendants' actions, Plaintiff Janie Sanders suffered damages and is entitled to damages against Defendants.

128.   Plaintiff Janie Sanders is entitled to damages legally, proximately, foreseeably and actually caused by Defendants, including severe emotional distress damages, damage to her reputation, and further economic and non-economic damages according to proof at the time of trial.

## XVII.
## PRAYER FOR
## DAMAGES AND OTHER REMEDIES

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS and relief as follows:

1.   For compensatory damages, including special and general damages;

2.   For exemplary and punitive damages against defendants Holslag, Macey, Escamilla, Legal Services Bureau, Inc., Leland Chapman, Leland Chapman Bail Bond Co. Inc., LBC, Inc., and Kama Aina Bail Bonds, Inc., and DOES 1-50 in an amount to be proven at trial;

3.   For attorneys' fees pursuant to 42 USC §§ 1983 and 1988, and *Cal.Civ.Proc.* § 52.1(h);

4.   For costs of suit herein incurred;

5.   For interest according to law;

6.   For other and further relief as the court may deem proper.

FIRST AMENDED COMPLAINT

1

2    Dated: December 29, 2016          **LAW OFFICES OF DONALD A. GREEN, PC**

3
                                       s/ Donald A. Green
4                                      _____
                                       DONALD A. GREEN
5                                      Attorney for Plaintiffs
                                       ESTATE OF TIMOTHY GENE SMITH *et al*.
6

7

8    Dated: December 29, 2016          **IREDALE AND YOO, APC**

9
                                       s/ Eugene Iredale
10                                     _____
                                       EUGENE IREDALE
11                                     JULIA YOO
                                       Attorneys for Plaintiffs
12                                     ESTATE OF TIMOTHY GENE SMITH *et al*.

13

14                          <u>**DEMAND FOR JURY TRIAL**</u>

15        Plaintiffs demand a jury trial in this action.

16

17

18   Dated:  December 29, 2016         IREDALE AND YOO, APC

19                                     By:/s/ *EUGENE IREDALE*_____

20                                     EUGENE IREDALE, ESQ

21

22

23

24

25

26

27

28

---

FIRST AMENDED COMPLAINT