# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of TIMOTHY GENE SMITH, deceased, by his successor in interest JANIE RICHELLE SANDERS; JANIE RICHELLE SANDERS, as an individual; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH,<br><br>                          Plaintiffs,<br>v.<br>CITY OF SAN DIEGO; SHELLEY ZIMMERMAN AND SCOTT HOLSLAG, as individuals and employees of City of San Diego; NATALIE ANN MACEY, as an individual doing business as Macey Bail Bonds; LEGAL SERVICE BUREAU, Inc., a California domestic corporation doing business as Global Fugitive Recovery; DAN ESCAMILLA, as an individual and on behalf of Legal Service Bureau, Inc.; LELAND CHAPMAN BAIL BOND CO. INC., a Colorado corporation; LBC, Inc., a Hawaii corporation; KAMA AINA BAIL BONDS, INC., a Hawaii corporation; LELAND B. CHAPMAN, as an individual and on behalf of Leland Chapman Bail Bond Co. Inc., LBC, Inc., and Kama Aina Bail Bonds, Inc.,<br><br>                          Defendants. | CASE NO. 16cv2989-WQH-MDD<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Ex Parte Motion for Alternative Service of Summons filed by Plaintiffs Estate of Timothy Gene Smith, by his successor in interest

Janie Richelle Sanders; Janie Richelle Sanders; Sandy Lynn Simmons; and Wyatt Allen Gunner Smith ("Plaintiffs"). (ECF No. 31).

## I. Background

On December 8, 2016, Plaintiffs initiated this action by filing a complaint. (ECF No. 1). On December 29, 2016, Plaintiffs filed the First Amended Complaint, which is the operative complaint in this matter. (ECF No. 7). The First Amended Complaint asserts four causes of action against Defendants LBC Inc., Kama Aina Bail Bonds, Inc., and Leland B. Chapman: conspiracy to violate civil rights; intentional infliction of emotional distress; defamation; and false light. *Id.* at 20-26. On March 10, 2017, the Court granted Plaintiffs' ex parte motion to extend time to serve the complaint, and ordered that "Plaintiffs shall have 60 days from the date of this order to serve and file proof of service of summons of the complaint on the remaining defendants to be served." (ECF No. 27 at 2).

On April 4, 2017, Plaintiffs filed the Ex Parte Motion for Alternative Service of Summons. (ECF No. 31).

## II. Contentions of the Plaintiffs

Plaintiffs contend that good cause exists for this Court to issue an order permitting Plaintiffs to complete alternative service of Defendants LBC Inc., Kama Aina Bail Bonds, Inc., and Leland B. Chapman by methods permitted by the Hawaii Rules of Civil Procedure and by Hawaii state law. Plaintiffs request that the Court issue an order permitting service by certified mail, return receipt requested and for an order permitting service by publication. Plaintiffs contend they have acted diligently in attempting to personally serve Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman, including "fourteen attempts . . . to personally effectuate service on Leland Chapman and his entities in Hawaii at three different addresses, to no avail" and attempts to communicate with Defendants by phone and text message. (ECF No. 31-1 at 8-9). Plaintiffs contend that they have demonstrated good cause by including a "chronology of service attempts" and a "Non-Service Report from plaintiffs' process

server confirming each of these attempts" in their Ex Parte Motion for Alternative Service of Summons. (ECF Nos. 31-1 at 4-6; 31-7 at 1-2).

**III. Applicable Law**

Federal Rule of Civil Procedure 4(e) states that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Hawaii Rule of Civil Procedure 4(e) states,

> Whenever a statute or an order of court requires or permits service by publication of a summons, or of a notice, or of an order in lieu of summons, any publication pursuant thereto shall be made under the circumstances and in the manner prescribed by the statute or order.

Haw. R. Civ. P. 4(e). Haw. Rev. Stat. § 634-35(b) states that,

> Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made as provided by section 634-36, if the person cannot be found in the State, with the same force and effect as though summons had been personally served within this State.

Haw. Rev. Stat. § 634-35(b). Under Haw. Rev. Stat. § 634-36(a),

> service shall be made by service upon the defendant personally by any person authorized to serve process in the place in which the defendant may be found or appointed by the court for the purpose, or sent by certified, registered, or express mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant.

Haw. Rev. Stat. § 634-36(a). Under Haw. Rev. Stat. § 634-36(b), the Hawaii state statute proscribing the rules for service by publication,

> If the defendant cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court, it may order that service be made by publication of summons in at least one newspaper published in the State and having a general circulation in the circuit in which the action has been instituted, in such manner and for such time as the court may order, but not less than once each week in four successive weeks, the last publication to be not less than twenty-one days prior to the return date stated therein unless a different time is prescribed by order of the court.

Haw. Rev. Stat. § 634-36(b). The Supreme Court of Hawaii stated that the service by publication statute "sets forth three methods of service on defendants not found within

[the State of Hawaii]: (1) personal service; (2) service by mail; or (3) failing the first two, service by publication." *Eto v. Muranaka*, 57 P.3d 413, 420 (Haw. 2002); *see also Shin v. McLaughlin*, 967 P.2d 1059, 1065 (Haw. 1998) (stating that the plaintiff "could have served [the defendant] in person, by mail, or failing that, by publication.") (citing Haw. Rev. Stat. § 634-36); *Kukui Gardens Corp. v. Holco Capital Group, Inc.*, 664 F. Supp.2d 1103, 1117 (D. Haw. 2008) ("Under Hawaii law, a defendant may be served by publication once the Plaintiff has made a sufficient showing of a diligent, but unfruitful effort to locate the defendant").

For service by publication to comport with the requirements of due process, the notice provided by publication must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Supreme Court of Hawaii stated that, "Under Hawai'i law, while 'such notice is disfavored[,]' due process is not violated when notice is made by publication, when, 'in appropriate circumstances, notice by publication alone might be the only "reasonabl[y] possible or practicable" warning.'" *Eto*, 57 P.3d at 423 (quoting *Klinger. v. Kepano*, 635 P.2d 938, 942 (Haw. 1981); *Mullane*, 339 U.S. at 317). Service by publication in the State of Hawaii "does not offend due process requirements." *Eto*, 57 P.3d at 423.

In *Mullane*, the Supreme Court described the limitations of service by publication:

> It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. . . .

*Mullane*, 339 U.S. at 315. However, the Supreme Court concluded that "in the case of

persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317.

**IV. Analysis**

In this case, the Court follows Hawaii state law setting the requirements for service by publication. *See* Fed. R. Civ. P. 4(e)(1). Under Hawaii state law, service by publication as to Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman is permitted if those Defendants "cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court[.]" Haw. Rev. Stat. § 634-36(b). In a declaration submitted in support of Plaintiffs' Ex Parte Motion for Alternative Service of Summons, counsel for Plaintiffs Donald A. Green states that Plaintiffs have obtained a current physical address and P.O. Box for Defendant Kama Aina Bail Bonds, Inc. from the Hawaii Department of Commerce & Consumer Affairs – including that its agent for service of process is listed as "Leland Chapman[.]" (ECF No. 31-2 at 2-3; Green Decl. at ¶ 6). Donald A. Green states that Plaintiffs have obtained current address information for Defendant Leland B. Chapman because Defendant Chapman is listed under the 'Contact Us' page of the Kama Aina Bail Bonds, Inc. website. *Id.* Donald A. Green states that Plaintiffs have obtained a P.O. Box for Defendant LBC, Inc. from the Hawaii Department of Commerce & Consumer Affairs – including that its agent for service of process is listed as "Leland Chapman[.]" (ECF No. 31-2 at 3; Green Decl. at ¶ 7).

Donald A. Green states that he mailed Federal Rule of Civil Procedure 4(d) waivers of service of summons forms to Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman, including two copies of the waiver form, a copy of the complaint, and a pre-paid envelope for returning the form in accordance with Rule 4(d)(1), on December 12, 2016. (ECF No. 31-2 at 3; Green Decl. at ¶ 8). Donald A. Green states that the waiver packages were successfully delivered on December 24, 2016, and to date none of the packages have been returned executed. (ECF No. 31-2

at 3; Green Decl. at ¶¶ 9-10).

Donald A. Green states that on February 2, 2017, after Plaintiffs had filed the First Amended Complaint, he sent Federal Rule of Civil Procedure 4(d) waivers of service of summons forms to a process server to effect personal service on Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman. (ECF No. 31-2 at 3-4; Green Decl. at ¶¶ 11-12). Donald A. Green states that his process server was "unable to provide service on a P.O. Box" and instead the process server ran a "skip trace of Leland Chapman" that "yielded a home address for Leland Chapman[.]" (ECF No. 31-2 at 4; Green Decl. at ¶¶ 14-15). Donald A. Green states that "[t]he accuracy of this address for Leland Chapman was confirmed" on March 1, 2017, when the process server attempted to serve Leland B. Chapman at the address and spoke with an individual who acknowledged that Leland B. Chapman is "here and there" at the address. (ECF No. 31-2 at 4-5; Green Decl. at ¶ 15). In the declaration, Donald A. Green lists approximately fourteen attempts by the process server to personally serve Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman at the physical address listed for Defendant Kama Aina Bail Bonds, Inc. and the physical address for Leland B. Chapman obtained from the skip trace. (ECF No. 31-2 at 4-6).

The Court concludes that Plaintiffs have sufficiently demonstrated that Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman "cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court[.]" Haw. Rev. Stat. § 634-36. In their Ex Parte Application, Plaintiffs have demonstrated sufficient "diligence in locating Defendant[s LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman] before being allowed to serve by publication[.]" *Eto*, 57 P.3d at 423.

**V. Conclusion**

IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Motion for Alternative Service of Summons (ECF No. 31) is GRANTED. Plaintiffs shall be permitted to serve the summons on Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B.

Chapman by certified mail, return receipt requested, and service by publication.

Service by publication as to Defendants LBC Inc., Kama Aina Bail Bonds, Inc. and Leland B. Chapman must be completed in the following newspaper of general circulation in the state of Hawaii: West Hawaii Today; 75-5580 Kuakini Highway; Kailua-Kona, HI 967645; Legal Advertising: (808) 930-8650. Pursuant to Haw. Rev. Stat. § 634-36, publication of the summons must be made once each week in four successive weeks.

IT IS FURTHER ORDERED that Plaintiffs shall have **ninety (90) days** from the date of this order to serve and file proof of service of summons of the complaint on the remaining defendants to be served.

DATED: May 4, 2017

**WILLIAM Q. HAYES**
United States District Judge