UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest, JANIE RICHELLE SANDERS; JANIE RICHELLE SANDERS, SANDY LYNN SIMMONS, and WYATT ALLEN GUNNER SMITH, as individuals,<br><br>                    Plaintiffs,<br><br>v.<br><br>SCOTT HOLSLAG, as an individual and on behalf of CITY OF SAN DIEGO; NATALIE ANN MACEY d/b/a MACEY BAIL BONDS, as an individual; LEGAL SERVICE BUREAU, INC. d/b/a GLOBAL FUGITIVE RECOVERY, a California domestic corporation; DAN ESCAMILLA, as an individual and on behalf of LEGAL SERVICE BUREAU, INC.,<br><br>                    Defendants. | Case No.: 16-cv-2989-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are (1) the Motion for Judgment on the Pleadings (ECF No. 64) filed by Defendant Natalie Macey; (2) the Motion for Order to Substitute Wyatt Allen Gunner Smith for Janie Richelle Sanders and to Appoint Wyatt Allen Gunner Smith as Successor in Interest to the Estate of Timothy Gene Smith (ECF No. 68) filed by Plaintiffs Janie Sanders, Sandy Simmons, Wyatt Smith, and Estate of Timothy Smith (by his successor in interest, Janie Sanders); and (3) the Motion to Dismiss the Ninth, Tenth, and Twelfth Causes of Action Against Defendant Escamilla (ECF No. 72) filed by Defendant Dan Escamilla.

## I. Motion to Substitute

### A. Background

On December 8, 2016, this action was initiated by the filing of the Complaint (ECF No. 1). The Complaint names four Plaintiffs: Janie Sanders, Sandy Simmons, Wyatt Smith, and "Estate of Timothy Gene Smith, deceased, by his successor in interest, Janie Richelle Sanders" (collectively, "Plaintiffs"). *Id.* at 1. On December 29, 2016, Plaintiffs filed a First Amended Complaint (the "FAC") (ECF No. 7). The FAC is the operative complaint in this matter.

On October 17, 2017, Plaintiffs filed a Motion for Order to Substitute Wyatt Allen Gunner Smith for Janie Richelle Sanders and to Appoint Wyatt Allen Gunner Smith as Successor in Interest to the Estate of Timothy Gene Smith (the "Motion to Substitute") (ECF No. 68). Plaintiffs attached a Declaration of Wyatt Allen Gunner Smith (ECF No. 68-2) to the Motion to Substitute. On October 23, 2017, Defendant Dan Escamilla filed a Response to the Motion to Substitute. (ECF No. 75).[1] On October 25, 2017, Defendant

---

[1] In his Response to the Motion to Substitute, Escamilla contends that the Court should dismiss certain causes of action brought by Plaintiff Sanders. (ECF No. 75-1 at 3). The Court declines to address this contention because requests to dismiss causes of actions are not properly made in a response to a motion to substitute.

Scott Holslag filed an Opposition to the Motion to Substitute. (ECF No. 79).[2] On October 26, 2017, Plaintiffs filed a Reply to Escamilla's Response to the Motion to Substitute and Holslag's Opposition to the Motion to Substitute. (ECF No. 81). Plaintiffs attached a Supplemental Declaration of Wyatt Allen Gunner Smith (ECF No. 81-1) to the Reply. On November 15, 2017, the Court issued an Order permitting Escamilla to file a Surreply to the Motion to Substitute. (ECF No. 86). On November 15, 2017, Escamilla filed a Surreply to the Motion to Substitute (ECF No. 87).[3] On January 18, 2018, Plaintiffs filed an Amended Declaration of Wyatt Allen Gunner Smith (ECF No. 88). On January 19, 2018, Plaintiffs filed a second Amended Declaration of Wyatt Allen Gunner Smith (ECF No. 90). On January 23, 2018, the Court issued an Order permitting Escamilla to file a Second Surreply to the Motion to Substitute. (ECF No. 91). On January 25, 2018, Escamilla filed the Second Surreply to the Motion to Substitute. (ECF No. 93).

### B. Contentions of the Parties

Plaintiffs contend that the Court should substitute Wyatt Smith for Sanders as Timothy Smith's successor in interest because Wyatt Smith qualifies as Timothy Smith's successor in interest and has complied with California's requirements for litigants seeking to bring claims as an estate's successor in interest. (ECF No. 68 at 5). Escamilla and Holslag contend that Wyatt Smith has not complied with California law regarding declarations that must be submitted by a litigant seeking to act as an estate's successor in interest. ECF No. 79 at 2; ECF No. 93 at 4.[4]

---

[2] In his Objection to the Motion to Substitute, Holslag contends that the Court should dismiss certain causes of action brought by Plaintiff Sanders. (ECF No. 79-1 at 3). The Court declines to address this contention because requests to dismiss causes of actions are not properly made in an objection to a motion to substitute.

[3] In his Surreply, Escamilla contends that Plaintiffs should be judicially estopped from bringing the Motion to Substitute and that the Court should deny the Motion to Substitute because Sanders is not deceased. (ECF No. 87 at 4–9). The Court declines to address these contentions because Escamilla could have but did not make them in his Response to the Motion to Substitute. *See* ECF No. 75.

[4] Escamilla also contends that the Court should deny the Motion to Substitute on the grounds that Sanders does not have the capacity to bring the Motion to Substitute because she does not have the capacity to sue on behalf of Timothy Smith's estate. (ECF No. 75-1 at 6). The Court finds that Plaintiffs do have

**C. Discussion**

> In § 1983 actions . . . the survivors of an individual killed as a result of an officer's excessive use of force may assert a . . . claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action.

*Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), *as amended* (Nov. 24, 1998) (citations omitted).

Under California law, "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. "Under this section, an action or proceeding may be commenced by the decedent's successor in interest only if there is no personal representative." *Id.* cmt. 1992 Addition. There is currently no personal representative for Timothy Smith's estate. *See* ECF No. 81 at 3 n.1; Wyatt Smith's Supplemental Declaration at ¶ 5.

"'[D]ecedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. "The distributee of the cause of action in probate is the successor in interest or, if there is no distribution, the heir, devisee, trustee, or other successor has the right to proceed under this article." *Id.* at § 377.30 cmt. 1992 Addition (citing *id.* at § 377.11). Timothy Smith's causes of action have not been distributed in probate because Timothy Smith left no will or other testamentary instrument. ECF No. 81 at 3; Wyatt Smith's Supplemental Declaration at ¶ 5. Timothy Smith was survived by Wyatt Smith, his son, and Sanders,

---

the capacity to bring the Motion to Substitute; plaintiffs are not barred from amending complaints to cure standing deficiencies. *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990).

who may or may not have been his legal wife. *See* Sanders Declaration at ¶¶ 1–2; Wyatt Smith's Supplemental Declaration at ¶ 2. Sanders has waived any right she may have to Timothy Smith's causes of action. Sanders Declaration at ¶ 5. Consequently, Wyatt Smith has succeeded to Timothy Smith's causes of actions under California probate law. *See* Cal. Prob. Code § 6402(a) ("[T]he part of the intestate estate not passing to the surviving spouse . . . passes . . . to the issue of the decedent . . . ."); Cal. Prob. Code § 141 (The right of a surviving spouse to property that would pass from the decedent by intestate succession may be waived).

California requires

> [t]he person who seeks to commence an action or proceeding . . . as the decedent's successor in interest . . . [to] execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
> (1) The decedent's name.
> (2) The date and place of the decedent's death.
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
> (5) Either of the following, as appropriate, with facts in support thereof:
>     (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
>     (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Civ. Proc. Code § 377.32(a).[5]

The Second Amended Declaration of Wyatt Allen Gunner Smith ("Wyatt Smith's Second Amended Declaration") states the name of the decedent ("Timothy Gene Smith") and the date and place of his death ("My father was killed on November 4, 2015 in the City of San Diego, County of San Diego, California."). ECF No. 90 at 2. Wyatt Smith's Second Amended Declaration states "No proceeding is now pending in California for administration of the decedent's estate." *Id.* at ¶ 4. Wyatt Smith's Second Amended Declaration states "I am decedent's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure . . . and succeed to the decedent's interest in the action or proceeding." *Id.* at ¶ 6. Wyatt Smith's Second Amended Declaration states "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." *Id.* at ¶ 5. Wyatt Smith's Second Amended Declaration states "I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct." *Id.* at 2. Wyatt Smith has complied with the requirements of California Civil Procedure Code § 377.32(a).

Escamilla and Holslag contend that Wyatt Smith has not complied with California Civil Procedure Code § 377.32(a) because Wyatt Smith's declarations "do[] not include facts showing that he made an effort to find whether a will actually exists." ECF No. 93 at 4 (internal quotations omitted). California does not require prospective successors in interest to provide facts showing that they made an effort to find whether a will exists; California requires that prospective successors in interest declare that "[n]o proceeding is now pending in California for administration of the decedent's estate." Cal. Civ. Proc. Code § 377.32(a)(3).

---

[5] California also requires a person who seeks to commence an action as a decedent's successor in interest to attach a copy of the decedent's death certificate to his or her declaration. Cal. Civ. Proc. Code § 377.32(c). Plaintiffs attached a copy of Timothy Smith's Death Certificate to the Second Amended Declaration of Wyatt Allen Gunner Smith. (ECF No. 90 at 6).

The Court finds that Wyatt Smith qualifies as Timothy Smith's successor in interest under California law and has complied with the requirements of California Civil Procedure Code § 377.32. The Motion to Substitute (ECF No. 68) is granted

## II. Motion for Judgment on the Pleadings and Motion to Dismiss

On October 5, 2017, Defendant Natalie Macey filed a Motion for Judgment on the Pleadings (ECF No. 64). On October 19, 2017, Escamilla filed a Motion to Dismiss the Ninth, Tenth, and Twelfth Causes of Action Against Defendant Escamilla (ECF No. 72). On November 6, 2017, Plaintiffs filed an Opposition to Defendant Macey's Motion for Judgment on the Pleadings and Defendant Escamilla's Motions to Dismiss the Ninth, Tenth, and Twelfth Causes of Action. (ECF No. 84). The record reflects that neither Macey nor Escamilla filed a Reply to Plaintiffs' Opposition (ECF No. 84).

Macey and Escamilla contend that the Court should dismiss Plaintiffs' ninth cause of action, which brings a claim under 42 U.S.C. § 1983 for conspiracy to violate civil rights, because the allegations of the FAC do not establish that the actions forming the basis of Plaintiffs' ninth cause of action occurred under color of state law. ECF No. 64-1 at 12–16; ECF No. 72-1 at 10–13.[6] However, the Court has previously held that the facts alleged in the FAC and the reasonable inferences from those facts plausibly suggest that the actions forming the basis of Plaintiffs' ninth cause of action occurred under color of state law. ECF No. 44 at 9 (denying Macey's Motion to Dismiss (ECF No. 23) because "the facts alleged in the [FAC] and the reasonable inferences from those facts support a claim that Macey acted in concert with state officials to deprive [Timothy Smith] of his constitutional rights").

---

[6] Macey and Escamilla also contend that the Court should dismiss Sanders' claims on behalf of Timothy Smith's estate because Sanders has not complied with California Civil Procedure Code § 377.32. ECF No. 64-1 at 10–12; ECF No. 72-1 at 7–9. The Court's decision to grant the Motion to Substitute (ECF No. 68) moots any concerns about Sanders' compliance with California Civil Procedure Code § 377.32.

Escamilla contends that Plaintiffs' ninth cause of action should be dismissed under California's Anti-SLAPP statute. (ECF No. 72-1 at 16–18). However, "[California's] anti-SLAPP statute does not apply to federal law causes of action." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Plaintiffs' ninth cause of action is a "federal law cause[] of action" brought under 42 U.S.C. § 1983. *Id.* Accordingly, the Court declines to dismiss Plaintiffs' ninth cause of action under California's Anti-SLAPP statute.

Escamilla contends that Plaintiffs' tenth and twelfth causes of action against Escamilla should be dismissed. (ECF No. 72). Plaintiffs do not object to the dismissal of their tenth and twelfth causes of action against Escamilla. (ECF No. 84 at 6). Plaintiffs' tenth and twelfth causes of action against Escamilla are DISMISSED.

### III. Conclusion

IT IS HEREBY ORDERED that:

(1) Plaintiffs' Motion for Order to Substitute Wyatt Allen Gunner Smith for Janie Richelle Sanders and to Appoint Wyatt Allen Gunner Smith as Successor in Interest to the Estate of Timothy Gene Smith (ECF No. 68) is GRANTED;

(2) Macey's Motion for Judgment on the Pleadings (ECF No. 64) is DENIED;

(3) Escamilla's Motion to Dismiss the Ninth, Tenth, and Twelfth Causes of Action Against Defendant Escamilla (ECF No. 72) is GRANTED in that Plaintiffs' tenth and twelfth causes of action against Escamilla are DISMISSED and DENIED in all other respects; and

(4) Plaintiffs shall file a second amended complaint that complies with this Order on or before March 16, 2018.

Dated: February 28, 2018

Hon. William Q. Hayes
United States District Court

8

16-cv-2989-WQH-MDD