UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest WYATT ALLEN GUNNER SMITH; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH,<br><br>                                  Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; SCOTT HOLSLAG; NATALIE ANN MACEY d/b/a MACEY BAIL BONDS; LEGAL SERVICE BUREAU, INC. d/b/a GLOBAL FUGITIVE RECOVERY; and DAN ESCAMILLA, as an individual and on behalf of LEGAL SERVICE BUREAU, INC.,<br><br>                                  Defendants. | Case No.: 16-cv-2989-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

    On December 29, 2016, a First Amended Complaint (ECF No. 7) (the "FAC") was filed in this case. The ninth cause of action in the FAC was for conspiracy to violate civil rights against a number of defendants including Dan Escamilla. FAC at 20. On October 19, 2017, Escamilla filed a Motion to Dismiss that made a number of arguments including

that the ninth cause of action in the FAC should be dismissed under California's Anti-SLAPP statute. (ECF No. 72 at 16). On February 28, 2018, the Court issued an Order stating in part

> Escamilla contends that Plaintiffs' ninth cause of action should be dismissed under California's Anti-SLAPP statute. (ECF No. 72-1 at 16–18). However, "[California's] anti-SLAPP statute does not apply to federal law causes of action." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Plaintiffs' ninth cause of action is a "federal law cause[] of action" brought under 42 U.S.C. § 1983. *Id.* Accordingly, the Court declines to dismiss Plaintiffs' ninth cause of action under California's Anti-SLAPP statute.

(ECF No. 95 at 8).

On March 9, 2018, Plaintiffs Sandy Lynn Simmons, Wyatt Allen Gunner Smith, and the Estate of Timothy Gene Smith (acting through his successor in interest Wyatt Allen Gunner Smith) filed a Second Amended Complaint (ECF No. 96) (the "SAC"). On March 30, 2018, Escamilla filed a Notice of Appeal of the portion of the Court's Order that declined to dismiss the ninth cause of action in the FAC under California's Anti-SLAPP statute. (ECF No. 108).

On May 31, 2018, Escamilla filed a Motion to Stay or, in the Alternative, for an Extension of Time to Answer Plaintiffs' Second Amended Complaint. (ECF No. 117). Escamilla "request[s] a stay pending appeal or, in the alternative, for an extension of time to answer Plaintiff's Second Amended Complaint." (ECF No. 117-1 at 3). Escamilla contends that a stay is warranted because "the very issue being appealed is the defendant's right not to be sued; in California the Anti-SLAPP Act is intended to provide immunity from the lawsuit itself." *Id.* at 5–6.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). The use of this power requires the exercise of sound discretion. *Id.* It is necessary to weigh the competing interests of those that will be affected by the stay. *Id.*

at 254–255; *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These competing interests include:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961 (2009).

The Court finds that Escamilla has not fulfilled his burden of demonstrating that the circumstances of this case justify staying the case pending his appeal. The Court finds that Escamilla has not shown that he is likely to succeed on the merits of his appeal, and consequently has not shown that he will be irreparably injured absent a stay. *See* ECF No. 95 at 8. Escamilla's request for a stay is DENIED. *See Ind. State Police Pension Trust*, 556 U.S. at 961.

Escamilla's request for an extension of time to respond to the SAC is GRANTED. Escamilla shall respond to the SAC on or before July 27, 2018.

Dated: July 11, 2018

Hon. William Q. Hayes
United States District Court