UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest WYATT ALLEN GUNNER SMITH; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; SCOTT HOLSLAG; NATALIE ANN MACEY d/b/a MACEY BAIL BONDS; LEGAL SERVICE BUREAU, INC. d/b/a GLOBAL FUGITIVE RECOVERY; and DAN ESCAMILLA, as an individual and on behalf of LEGAL SERVICE BUREAU, INC.,<br><br>    Defendants. | Case No.: 16-cv-2989-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss Plaintiffs' Second Amended Complaint and Request for Related Relief (ECF No. 99) and the Motion to File Documents Under Seal (ECF No. 100) filed by Defendants City of San Diego and Scott Holslag.

## I. Background

On December 8, 2016, this action was initiated by the filing of the Complaint (ECF No. 1). On December 29, 2016, a First Amended Complaint (the "FAC") (ECF No. 7) was filed. The FAC brought claims stemming from an incident during which Smith was allegedly shot and killed by Holslag and other officers. FAC at ¶ 40. The FAC brought a number of claims including claims against Defendant Scott Holslag for violating the Fourth and Fourteenth Amendments; claims against Defendant City of San Diego for a *Monell* violation, failure to train, and failure to supervise; and a claim against Holslag and the City of San Diego under California Civil Code § 52.1. (ECF No. 7 at 11–18).

On February 9, 2017, Holslag filed a Motion to Dismiss five of the claims against him, including the claim brought under California Civil Code § 52.1 and the claims for violations of the Fourth and Fourteenth Amendments. (ECF No. 16). On the same day, the City of San Diego filed a Motion to Dismiss the claims brought against it for a *Monell* violation, failure to train, and failure to supervise, as well as the claim brought under California Civil Code § 52.1. (ECF No. 17). On July 13, 2017, the Court issued an Order denying Holslag's Motion to Dismiss and granting the City of San Diego's. (ECF No. 44). The Court concluded (1) "that the facts alleged in the [FAC] and the reasonable inferences from those facts support a claim that the use of deadly force was not reasonable under the circumstances," (2) that "[t]he facts alleged do not support the inference that Smith posed an immediate threat to the safety of police officers or the public justifying the use of deadly force as a matter of law," and (3) "that the right at issue was clearly established." *Id.* at 6.

On March 9, 2018, Plaintiffs Sandy Lynn Simmons, Wyatt Allen Gunner Smith, and the Estate of Timothy Gene Smith (acting through his successor in interest Wyatt Allen Gunner Smith) filed a Second Amended Complaint (ECF No. 96) (the "SAC"). The SAC brings claims against Holslag for violations of the Fourth and Fourteenth Amendments and claims against both Holslag and the City of San Diego for battery and wrongful death. SAC at 9–13. The SAC also brings a claim against Holslag and the City of San Diego under California Civil Code § 52.1. SAC at 11.

On March 23, 2018, the City of San Diego and Scott Holslag (together, the "City Defendants") filed a Motion to Dismiss Plaintiffs' Second Amended Complaint and Request for Related Relief (ECF No. 99) (the "City Defendants' Motion"). In support of their Motion, the City Defendants lodged twenty-seven videos (the "Videos") and eleven transcripts of certain Videos (the "Transcripts"). *See* ECF Nos. 100, 101. The City Defendants also filed a Motion to Seal the Videos and the Transcripts. (ECF No. 100). On March 26, 2018, Plaintiffs filed an Opposition to the Motion to Seal. (ECF No. 105). On June 11, 2018, Plaintiffs filed a Response to the City Defendants' Motion. (ECF No. 118). On July 2, 2018, the City Defendants filed a Reply to the Plaintiffs' Response. (ECF No. 119). On July 24, 2018, the Court held oral argument on the City Defendants' Motion as well as the Motion to Seal the Videos and Transcripts. (ECF No. 123).

## II. Motion to Seal

The City Defendants state that the Videos come from the body-worn cameras of officers at the scene of the events underlying Plaintiffs' claims, as well as an ABEL video filmed from a helicopter that was also present at the scene. (ECF No. 99-1 at 16). The City Defendants state that the Videos "document[] the arrival of the Officers to include Holslag to the scene, the use of verbal warnings prior to the use of force, Smith's actions prior to the use of force, the events leading up to the use of force, and the events that occurred afterward." *Id.*

The City Defendants contend that compelling reasons exist to seal the Videos and the Transcripts considering the Videos and the Transcripts:

1. contain private, confidential information about Timothy Smith, including information related to his identity and death;
2. "may and/or do contain the confidential, private information of members of the public and/or SDPD Officers to include specific information regarding their identities, badge numbers, and/or addresses"; and

3

3. "contain privileged Official Information acquired in confidence by a police officer in the course of his duty that was not open, or officially disclosed, to the public prior to the time the claim of privilege was made."

(ECF No. 100-2 at 5).

Plaintiffs contend that the City Defendants have not articulated a compelling reason to seal the Videos and the Transcripts. (ECF No. 105 at 5–6). Plaintiffs contend that counsel for the Estate of Timothy Smith is in the best position to protect Timothy Smith's interests, and that Timothy Smith has no interest in sealing the Videos and the Transcripts. *Id.* Plaintiffs contend that "[t]he claim that the identities of the officers may be revealed is of no moment here [because] Holslag is named as a defendant [and t]he other officers' identities have been revealed by Defendants themselves in their own pleadings." *Id.* at 6. Plaintiffs contend that "no prejudice can come from the revelation of a badge number" and that "[t]here are no addresses of any of the officers in the sealed materials." *Id.* Plaintiffs contend that the City Defendants' arguments in favor of sealing the Videos and the Transcripts "is particularly frivolous" because the Office of the District Attorney already disclosed to the public the ABEL video and the name of the officer who shot Timothy Smith. *Id.* Plaintiffs contend that "[t]he death of Mr. Smith, and this litigation, is precisely the type of significant public event that warrants the most vigorous protection of the public's right of access to judicial records and proceedings." *Id.* at 4–5.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 n.7 (1978)). The proponent of a motion to seal "bears the burden of overcoming this strong presumption by meeting the compelling reasons standard." *Id.* at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To fulfill its burden, the moving party "must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1179 (citations and quotation marks

4

omitted). The presumed right of access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985)).

"Under the compelling reasons standard, the district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosures of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 659 n.6 (citing *Hagestad*, 49 F.3d at 1434); *see also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."). When allowing public access to judicial record would "promot[e] the public's understanding . . . of [a] significant public event[]," that fact weighs against sealing the judicial record. *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

The Court finds that the City Defendants have not articulated a compelling reason that would outweigh the public's interest in disclosure of the Videos and the Transcripts or justify sealing the Videos and the Transcripts. Accordingly, the Motion to Seal (ECF No. 100) is denied. *See Kamakana*, 447 F.3d at 1179.

**III. The Videos and the Transcripts**

The City Defendants request that the Court consider the Videos and the Transcripts without converting their Motion into a motion for summary judgment. (ECF No. 99 at 3). Plaintiffs contend that the Court should not consider the Videos and the Transcripts when

analyzing the City Defendants' Motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) because the SAC does not necessarily rely on the Videos or the Transcripts. (ECF No. 118 at 5). The City Defendants contend that the SAC does necessarily rely on the Videos and the Transcripts because they depict the events that form the basis of the Plaintiffs' claims. (ECF No. 119 at 3).

Courts "are permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). In *Sams v. Yahoo! Inc.*, the plaintiff claimed that disclosures that Yahoo! had made in response to two grand jury subpoenas from a Georgia District Attorney's Office were unlawful because the subpoenas failed to comply with the requirements of Georgia law. *Id.* at 1178. The Ninth Circuit Court of Appeals held that it could consider the subpoenas themselves when ruling on Yahoo!'s motion to dismiss "[b]ecause the subpoenas [we]re critical to [the] lawsuit[] and there [wa]s no factual dispute as to their contents." *Id.* at 1179.

A complaint necessarily relies on a piece of evidence when the piece of evidence itself is indispensable to a claim in the complaint. *See Sams*, 713 F.3d at 1178–79 (considering two subpoenas when deciding a motion to dismiss where the plaintiff's claim was that the subpoenas themselves were unlawful). A complaint does not necessarily rely on every piece of evidence that depicts the events forming the basis of the claims in the complaint. In this case, neither the Videos nor the Transcripts are an indispensable part of Plaintiffs' claims; they are evidence of the events underlying Plaintiffs claims. Consequently, the SAC does not necessarily rely on the Videos or the Transcripts, and the Court may not consider the Videos or the Transcripts when analyzing the City Defendants' Motion under Rule 12(b)(6). *See id.*; *but see Covert v. City of San Diego*, No. 15CV2097 AJB (WVG), 2017 WL 1094020, at *5 (S.D. Cal. Mar. 23, 2017) (considering a video of the events underlying an excessive force claim, as well as a transcript of that video); *Lihosit*

*v. Flam*, No. CV-15-01224-PHX-NVW, 2016 WL 2865870, at *3–4 (D. Ariz. May 17, 2016) (same).[1]

## IV. Discussion

The City Defendants contend that Smith fled the police into public areas of Pacific Beach, ignored police commands, ignored verbal warnings, ignored other uses of force including a K-9 unit, obtained a dangerous vantage point above Holslag and other officers by jumping up on a ledge above an alley way, and reached into his pockets prior to Holslag using force on Smith. (ECF No. 99-1 at 28). The City Defendants contend that Holslag is entitled to qualified immunity because "[t]here is no case law precedent that clearly establishes that an officer confronted with these unique facts would be committing unlawful or [un]constitutional conduct by using deadly force." *Id.* at 30. The City Defendants contend that Holslag's actions were reasonable and therefore Plaintiffs' Fourth Amendment, battery, and wrongful death claims fail. *Id.* at 33–34. The City Defendants contend that Plaintiffs' claim under the Fourteenth Amendment fails because the factual circumstances surrounding Holslag's use of force demonstrate that he had a legitimate law enforcement objective at the time of the incident. *Id.* at 30. The City Defendants contend that Plaintiffs' claim under California Civil Code § 52.1 fails because "[t]he SAC fails to allege any facts which would indicate threats, intimidation, and coercion independent from the intimidation and coercion inherent in the alleged use of force." *Id.* at 33 (emphasis omitted).

---

[1] The City Defendants request that the Court convert their Motion into a motion for summary judgment if the Court concludes that it may not consider the Videos and Transcripts when analyzing the Motion under Rule 12(b)(6). (ECF No. 99 at 4). The Court declines to convert the City Defendants' Motion into a motion for summary judgment. *See Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 216CV00148KJMEFB, 2016 WL 4192439, at *3 (E.D. Cal. Aug. 9, 2016) ("Given the early stage of this case, the lack of discovery, and the sparse record before the court, the court declines to convert defendants' Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.").

Plaintiffs contend that the City Defendants made all of these arguments in their Motions to Dismiss the FAC. ECF No. 118 at 9–10 (citing ECF Nos. 16 and 17). Plaintiffs contend that the Court rejected these arguments in its Order denying Holslag's Motion to Dismiss the FAC and granting the City's Motions to Dismiss the FAC. *Id.* (citing ECF No. 44). Plaintiffs contend that the FAC and the SAC are "nearly identical." *Id.*

The City Defendants do not dispute that the arguments in the Motion before the Court were made in Holslag's Motions to Dismiss the FAC, or that the Court rejected them. *See* ECF No. 119 at 7. However, the City Defendants contend that the Court should grant their most recent Motion because the allegations in the SAC are materially different from those in the FAC and because there has been a shift in the law on qualified immunity since the Court issued its Order denying the Motions to Dismiss the FAC. *Id.*

The Court finds that the differences in the material allegations in the SAC and the FAC do not justify reconsidering the Court's disposition of the arguments raised in Holslag's Motion to Dismiss the FAC and again in the Motion before the Court. *Compare* the FAC *and* the SAC.

The City Defendants' contention that there has been a shift in the law on qualified immunity is based on two cases: *S.B. v. Cty. of San Diego*, 864 F.3d 1010 (9th Cir. 2017) and *Kisela v. Hughes,* 138 S. Ct. 1148 (2018). *S.B.*, however, was decided before the Court issued the Order on the Motions to Dismiss the FAC. *Compare S.B.*, 864 F.3d 1010 (decided on May 12, 2017) *and* ECF No. 44 (issued on July 13, 2017). The City Defendants contend that *Kisela* changed the law concerning qualified immunity by establishing that courts cannot "define clearly established law at a high level of generality." ECF No. 119 at 5–6 (citing *Kisela*, 138 S. Ct. at 1152). However, *Kisela* cited two cases for that proposition that were decided well before the Court issued its Order on the Motions to Dismiss the FAC: *City & Cty. of San Francisco, Calif. v. Sheehan,* 135 S. Ct. 1765, 1776 (2015) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). The Court finds that there has been no change in controlling law that would justify reconsidering the Court's disposition

of the arguments raised in Holslag's Motions to Dismiss the FAC and again in the Motion before the court.

## V. Conclusion

The Motion to Dismiss Plaintiffs' Second Amended Complaint and Request for Related Relief (ECF No. 99) and the Motion to File Documents Under Seal (ECF No. 100) are both DENIED.

Dated: August 3, 2018

Hon. William Q. Hayes
United States District Court