# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest, JANIE RICHELLE SANDERS; JANIE RICHELLE SANDERS; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; SCOTT HOLSLAG; DAVID BRECHT; NATALIE ANN MACEY d/b/a MACEY BAIL BONDS, as an individual; LEGAL SERVICE BUREAU, INC. d/b/a GLOBAL FUGITIVE RECOVERY, a California domestic corporation; DAN ESCAMILLA, as an individual and on behalf of LEGAL SERVICE BUREAU, INC.; and ISMAEL SOTO, as an individual,<br><br>Defendants. | Case No.: 16-cv-2989-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Plaintiffs' Ex Parte Motion for Service of Summons by Publication for Defendant Ismael Soto. (ECF No. 179).

## I. Background

On December 8, 2016, Plaintiffs initiated this action by filing a complaint. (ECF No. 1). The complaint was amended on December 29, 2016 (ECF No. 7), on March 9, 2018 (ECF No. 96), and on March 1, 2019 (ECF No. 162). The March 1, 2019 Third Amended Complaint added Ismael Soto as a named defendant and is the operative complaint in this matter. On March 4, 2019, summonses were issued. (ECF No. 163). On June 3, 2019, Plaintiff filed the Ex Parte Motion for Service of Summons by Publication for Defendant Ismael Soto. (ECF No. 179). In the Ex Parte Motion, Plaintiffs request that the Court permit Plaintiffs to serve Defendant Ismael Soto in San Diego County by publication in the San Diego Union-Tribune and in Riverside County by publication in The Press-Enterprise. (ECF No. 179 at 2).

## II. Legal Standard

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by any means permitted by the law of the state in which the case is pending, or the state in which the Defendant resides. *See* Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure Section 415.50:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action. (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

Cal. Civ. Proc. Code § 415.50.

California courts impose a high standard of diligence before approving use of publication and strictly construe the statutory provisions for service by publication. *See Olvera v. Olvera*, 283 Cal. Rptr. 271, 277 (Ct. App. 1991) ("When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes

is required."). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995). "The term 'reasonable diligence'. . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 53 Cal. Rptr. 2d 215, 221 (Ct. App. 1996). Because of due process concerns, service by publication is permissible only "as a last resort." *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 858 (Ct. App. 1978).

## III. Discussion

Eugene G. Iredale, Counsel for Plaintiffs, submitted a declaration in support of Plaintiffs' Ex Parte Motion for Service of Summons by Publication for Defendant Ismael Soto. (ECF No. 179-1). In the declaration, Iredale states, "[m]y firm hired Sonny Jaramillo to complete service of process on Defendant Ismael Soto." *Id.* ¶ 8. "On April 4, 2019, at approximately 1:40 p.m., Mr. Jaramillo completed service of process on 'Ismael Soto' at the 3662 42nd Street, San Diego, CA 92105-3304 location." *Id.* ¶ 9. "On April 12, 2019, Ismael Soto sent a letter to my office indicating he was not the interested party to [t]his action." *Id.* ¶ 10.

Sonny Jaramillo, an employee of San Diego Legal Source hired by Iredale to serve Defendant Ismael Soto, submitted a declaration in support of Plaintiffs' Ex Parte Motion for Service of Summons by Publication for Defendant Ismael Soto. (ECF No. 179-2). Jaramillo states,

> On March 27, 2019, I conducted a preliminary public records search for the name Ismael Soto. Preliminary results indicated that Mr. Soto owned a 2001 Mercedes Benz with a California license plate number. This is consistent with recorded phone calls between Mr. Soto and San Diego police dispatch where Mr. Soto gives his license number and states he drives a 2001 Mercedes Benz. Given Mr. Soto's employment as a bounty hunter and/or bail bonds agent, I conducted a search for professional license in Riverside county. Mr. Soto was not registered in Riverside county for a bail bonds, private investigator, or security guard professional license. Mr. Soto is not registered as a sole proprietorship in Riverside county. A physical description of Mr. Soto is

unknown.

*Id.* ¶ 3.

> On March 28, 2019, I discovered Mr. Soto's Bureau of Security and Investigative Services license issued in October of 2018. Mr. Soto listed a San Diego address on his application for the security guard license. Given my experience, I concluded that Mr. Soto most likely resided at the San Diego address due to Mr. Soto's employment as a bail bonds agent and the status of his Bureau of Security and Investigative Services Licensing. The primary status of license is listed as "current" with an expiration date of October 31, 2020.

*Id.* ¶ 4. From March 28, 2019 through April 3, 2019, Mr. Jaramillo attempted to serve Ismael Soto at the San Diego address associated with the security guard license application submitted by Ismael Soto. *Id.* ¶¶ 5–13. On April 4, 2019, Mr. Jaramillo served "Kevin M.," a roommate of Ismael Soto. *Id.* ¶ 14. On April 12, 2019, Mr. Iredale learned that the "Ismael Soto" Mr. Jaramillo served was not Defendant Ismael Soto. (ECF No. 179-1 ¶ 10).

Mr. Jaramillo's declaration states that he performed a "preliminary public records search for the name Ismael Soto." (ECF No. 179-2 ¶ 3). Mr. Jaramillo's declaration does not indicate the public records searched. The Court is unable to determine from the declarations accompanying Plaintiff's Ex Parte Motion whether the public records search included databases, such as the local telephone directory, the voters' register, and the personal property index of the assessor's office near the Defendant's last known location. *See Kott*, 53 Cal. Rptr. 2d at 221 ("A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index of the assessor's office, near the defendant's last known location are generally sufficient. These are likely sources of information and consequently must be searched before resorting to service by publication."). Plaintiffs have not included sufficient information regarding Mr. Jaramillo's public records searches to demonstrate that California Civil Procedure Code

Section 415.50(a) has been satisfied. The Court finds that Plaintiffs have not satisfied the high standard of diligence required for service by publication.

### IV. Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Motion for Service of Summons by Publication for Defendant Ismael Soto (ECF No. 179) is DENIED.

Dated: June 11, 2019

Hon. William Q. Hayes
United States District Court