UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest, WYATT ALLEN GUNNER SMITH; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH,<br><br>                                        Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; SCOTT HOLSLAG; DAVID BRECHT; NATALIE ANN MACEY d/b/a MACEY BAIL BONDS, as an individual; LEGAL SERVICE BUREAU, INC. d/b/a GLOBAL FUGITIVE RECOVERY, a California domestic corporation; DAN ESCAMILLA, as an individual and on behalf of LEGAL SERVICE BUREAU, INC.; and ISMAEL SOTO, as an individual,<br><br>                                        Defendants. | Case No.: 16-cv-2989-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Plaintiffs' Ex Parte Motion for Alternative Service of Summons as to Defendant Ismael Soto. (ECF No. 189).

*///*

1

# I.    Background

On December 8, 2016, Plaintiffs[1] initiated this action by filing a Complaint. (ECF No. 1). Plaintiffs amended the Complaint on December 29, 2016 (ECF No. 7), on March 9, 2018 (ECF No. 96), and on March 1, 2019 (ECF No. 162). The March 1, 2019, Third Amended Complaint added Ismael Soto as a named defendant and is the operative complaint in this matter. On March 4, 2019, summons were issued. (ECF No. 163).

On June 3, 2019, Plaintiffs filed an Ex Parte Motion for Service of Summons by Publication for Defendant Ismael Soto (the "June 3rd Motion"). (ECF No. 179). On June 11, 2019, the Court denied Plaintiffs' June 3rd Motion, finding:

> Plaintiffs have not included sufficient information regarding Mr. Jaramillo's public records searches to demonstrate that California Civil Procedure Code Section 415.50(a) has been satisfied. The Court finds Plaintiffs have not satisfied the high standard of diligence required for service by publication.

(ECF No. 181 at 4-5). On July 3, 2019, Plaintiffs filed an Ex Parte Motion for Extension of Time for Service of Process as to Defendant Ismael Soto (the "July 3rd Motion"). (ECF No. 186). On July 8, 2019, the Court granted Plaintiffs' July 3rd Motion, ordering Plaintiffs to serve Ismael Soto by September 2, 2019. (ECF No. 187).

On August 30, 2019, Plaintiffs filed the Ex Parte Motion for Alternative Service of Summons as to Defendant Ismael Soto (the "August 30th Motion"). (ECF No. 189). In the August 30th Motion, Plaintiffs request the Court permit Plaintiffs to serve Ismael Soto in San Diego County by publication in The San Diego Union-Tribune and in Riverside County by publication in The Press-Enterprise. (ECF No. 189-1 at 12).

# II.   Legal Standard

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by any means permitted by the law of the state in which the case is pending or the law of the state in

---

[1] The original Complaint included Janie Richelle Sanders as a plaintiff. (ECF No. 1). Ms. Sanders is no longer a party to this action.

which the defendant resides. Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure Section 415.50:

> (a) A summons may be served by publication if upon affidavit it appears . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action. (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

California courts impose a high standard of diligence before approving service by publication and strictly construe the statutory provisions for service by publication. *See Olvera v. Olvera*, 232 Cal. Rptr. 271, 277 (Ct. App. 1991) ("When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required."). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 53 Cal. Rptr. 2d 215, 221 (Ct. App. 1996). Because of due process concerns, service by publication is permissible "only as a last resort." *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 858 (Ct. App. 1978).

## III.   Discussion

Eugene G. Iredale, counsel for Plaintiffs, submitted a Declaration in support of Plaintiffs' August 30th Motion (Iredale's "August 29th Declaration"). (ECF No. 189-2). In Iredale's August 29th Declaration, he states his firm hired Sonny Jaramillo "to locate and serve Mr. Soto." *Id.* ¶ 8. Jaramillo, an employee of San Diego Legal Source, submitted a Declaration in support of Plaintiffs' June 3rd Motion (Jaramillo's "June 3rd Declaration"). (ECF No. 189-3). Jaramillo submitted a second Declaration in support of Plaintiffs' July

3rd Motion (Jaramillo's "July 2nd Declaration"). (ECF No. 189-6). Jaramillo states in his June 3rd Declaration:

> On March 27, 2019, I conducted a preliminary public records search for the name Ismael Soto. Preliminary results indicated that Mr. Soto owned a 2001 Mercedes Benz with a California license plate number. This is consistent with recorded phone calls between Mr. Soto and San Diego Police dispatch . . . .

(ECF No. 189-3 ¶ 3). Jaramillo states in his July 2nd Declaration that on March 27, 2019, he searched the following databases for "Ismael Soto:" 1) "the[] ARCC ('Accessor, Recorded, and County Clerk') Riverside County, California Database . . . for a business license and/or professional certificate registration . . . " (ECF No. 189-6 ¶ 6); 2) "the ARCC San Diego County, California Database . . . for a business license and/or professional certificate registration . . . " (*id.* ¶ 7); 3) the "California Department of Insurance (CDI), Bail Bonds, Individual Bail and Active Bail Licensees" (*id.* ¶ 8); and 4) "the Nexis database . . . in both Riverside County and San Diego County . . . includ[ing] the Assessor's Office Records, Tax Assessor's Office, Voter's Registrar, Real and Personal Property Index, Marriage licenses, and Fictitious Business Name Records." *Id.* ¶ 9.

The only database that produced a result for "Ismael Soto" was the "Nexis database." *Id.* ¶¶ 6-9. Jaramillo states that he "followed a lead and conducted an Assessment Record search for 24195 Falconer Drive, Murietta, CA 92562-4621. The owner of the home was an 'Anna Gomez Pereda,' aka 'Ana Gomez Soto,' the mother of Ismael Soto." *Id.* ¶ 9.

Jaramillo states in his July 2nd Declaration that on March 28, 2019, he "searched the Department of Consumer Affairs (DCA) license database for a California Private Investigator License and/or Security Guard License associated with 'Ismael Soto.'" *Id.* ¶ 10. The search produced a "Bureau of Security and Investigative Services Licensing report" stating that "Ismael Soto" has a California Security Guard License, number 6403320, issued on October 23, 2018, and valid through October 31, 2020. *Id.* The report stated that the "Licensee address" was 3662 42nd Street, San Diego, CA 92105-3304. *Id.*

From March 29, 2019, through April 3, 2019, Jaramillo attempted to serve Ismael Soto at the San Diego address associated with his security guard license. *Id*. ¶¶ 12-16. On April 4, 2019, Jaramillo served "Kevin M.," who identified himself as Ismael Soto's roommate. *Id*. ¶ 17. On April 12, 2019, Iredale learned Jaramillo did not serve Defendant Ismael Soto. (ECF No. 189-2 ¶ 10; ECF No. 189-4 at 2).

Iredale also attempted to locate Defendant Ismael Soto. (ECF No. 189-2 ¶ 14). Iredale states in his August 29th Declaration that he attempted to locate Ismael Soto using his license plate number "to no avail." *Id*. Iredale states:

> I have been unable to obtain licensing information for the vehicle with the license provided on tape by Mr. Soto because the California Department of Motor Vehicles will not release information pursuant to an Attorney Request Form if the vehicle is not 'directly' involved in the claims . . . . Further attempts to identify the aforesaid vehicle through online sources, including LexisNexis and Google have not yielded any results.

*Id*. Iredale states that he attempted to locate Ismael Soto through "reverse phone look-up sources" on Google, Bing, and LexisNexis, but the results state that "the phone is not registered to any name." *Id*. Iredale also attempted to locate Ismael Soto by searching LexisNexis public records. *Id*. The LexisNexis search "only resulted in a single instance of Ismael Soto for Riverside County, California, but that result was only current as of 1998." *Id*. When Iredale expanded the geographic scope of his search, he retrieved "179 total search results with information that was inadequate to further isolate the current person for whom we are searching." *Id*. Finally, Iredale states he "googled 'Bureau of Security and Investigative Services.'" *Id*. Iredale's Google search produced information for 1) the "Ismael Soto" who had already been mistakenly served; and 2) an "Ismael Carranza Soto" living in Austin, Texas, with a civil engineer license that expired in 1998. *Id*.; ECF No. 189-8 at 2.

The Court concludes that Plaintiffs have not exhausted the avenues by which they could discover the location of Defendant Ismael Soto and further attempt service of process. *See Donel*, 150 Cal. Rptr. at 859 (holding diligence standard was not satisfied

when Plaintiff failed to "exhaust the myriad of other avenues"); *see also Kott*, 53 Cal. Rptr. 2d at 221 ("A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index of the assessor's office, near the defendant's last known location are generally sufficient. These are likely sources of information and consequently must be searched before resorting to publication."). Plaintiffs have not indicated that they made any attempt to follow up on the assessment record result for Ismael Soto's mother, Ana Gomez Soto. *See In re Matthew S.*, 247 Cal. Rptr. 100, 102 (Ct. App. 1988) (finding reasonable diligence standard satisfied when, among other things, inquiries were made through appellant's parents). Plaintiffs also have not indicated that they made any attempt to follow up on the LexisNexis search result, current as of 1998, that there was an Ismael Soto living in Riverside County. Finally, Plaintiffs have not explained how the search that resulted in 179 results on Ismael Soto was "inadequate" to narrow down the search for Defendant. (ECF No. 189-2 ¶ 14). Finally, even though Plaintiffs allege Ismael Soto is Defendant Dan Escamilla's "partner, employee, and/or agent at [Defendant] Legal Services Bureau, Inc., d/b/a Global Fugitive Recovery," (ECF No. 162 ¶ 19) Plaintiffs have not indicated they made any inquiries of Escamilla or anyone else at Legal Services Bureau, Inc., about Ismael Soto. The Court finds that Plaintiffs have not satisfied the high standard of diligence required for service by publication.

///

///

///

///

## IV. Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Motion for Alternative Service of Summons as to Defendant Ismael Soto (ECF No. 189) is denied without prejudice. Plaintiffs' alternative request for additional time to attempt service on Ismael Soto (ECF No. 189-2 ¶ 13) is granted. Plaintiffs shall serve Defendant Ismael Soto on or before November 1, 2019.

Dated: September 4, 2019

Hon. William Q. Hayes
United States District Court

16-cv-2989-WQH-MSB