UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest Wyatt Allen Gunner Smith; SANDY LYNN SIMMONS; and WYATT ALLEN GUNNER SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT HOLSLAG; NATALIE ANN MACEY, as an individual doing business as Macey Bail Bonds; LEGAL SERVICE BUREAU, INC., a California domestic corporation doing business as Global Fugitive Recovery; DAN ESCAMILLA, as an individual and on behalf of Legal Service Bureau, Inc.; CITY OF SAN DIEGO; DAVID BRECHT; ISMAEL SOTO, as an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  16-cv-2989-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    On December 31, 2021, the Court issued an Order granting the Motions for Summary Judgment filed by Defendants David Brecht and City of San Diego, Dan

Escamilla, and Natalie Ann Macey, and granting in part and denying in part the Motion for Summary Judgment filed by Defendants Scott Holslag and City of San Diego. (ECF No. 255).

On January 29, 2021, Holslag filed a Notice of Appeal. (ECF No. 258). On March 18, 2021, the Court stayed this action pending the outcome of Holslag's interlocutory appeal. (ECF No. 264). On April 26, 2022, the Court of Appeals issued a Memorandum Opinion affirming this Court's denial of Holslag's summary judgment motion as to the defense of qualified immunity and remanding for jury trial. On May 18, 2022, the Court of Appeals issued the Mandate. (ECF No. 271).

IT IS HEREBY ORDERED that the stay of this action is lifted. The Mandate of the Court of Appeals is spread.

IT IS FURTHER ORDERED that the pretrial deadlines are reset as follows:

1. The parties shall fully comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **July 22, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

2. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **July 29, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

3. Counsel for Plaintiffs will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 5, 2022**, Plaintiffs' counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiffs'

counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

4. The proposed final pretrial order, including objections to any other party's Rule 26(a)(3) pretrial disclosures, shall be filed and emailed in Word format to efile_hayes@casd.uscourts.gov by **August 12, 2022**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6). The proposed final pretrial order shall separately and specifically identify as to each remaining Plaintiff the specific remaining Defendant or Defendants against whom each remaining cause of action is to be tried. Any cause of action in the Third Amended Complaint that is not listed in the final pretrial order will be dismissed with prejudice pursuant to Civil Local Rule 16.1(f)(6)(c)(2).

5. The final pretrial conference shall be held on **September 9, 2022, at 9:00 a.m.**, in Courtroom 14B.

Dated: May 20, 2022

Hon. William Q. Hayes
United States District Court