UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.:  16cv2989-WQH(MSB)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE** |

On July 29, 2022, counsel for Plaintiffs and Defendants Scott Holslag and the City of San Diego placed a joint call to Judge Berg's chambers to ask the Court to hold a Settlement Conference in the above-captioned case.  Based on their joint request, A Settlement Conference involving Plaintiffs, Scott Holslag, and the City of San Diego will be conducted on **August 4, 2022**, at **1:30 p.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.  All discussions at the Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

      a.     **Parties are Permitted to be Available by Video Through Counsel**:  All named parties and party representatives are not required to appear in person, as long as they are available to appear by video as needed.  Counsel for each party or party

representative is responsible for ensuring that the party is available during the scheduled Settlement Conference and providing the technology for the party's appearance.

      b.    **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

      c.    **Confidential Settlement Statements Required**:  On or before **August 1, 2022**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.  The Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief.  The settlement statement

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

**must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.  General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

      d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

IT IS SO ORDERED.

Dated:  July 29, 2022

Honorable Michael S. Berg
United States Magistrate Judge